# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Fiddler, ) | |
| ) | |
| Plaintiff, ) | No. CV-05-88 TUC JMR |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Joanne B. Barnhart, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

    This case arises from a claim by Plaintiff for Social Security benefits. The Honorable Peter J. Baum ("ALJ") determined that Plaintiff was not disabled as defined by the Social Security Act. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council. Thereafter, Plaintiff initiated this action.

    Pending before this Court are cross-motions for summary judgment disputing whether the ALJ fulfilled his duty in finding that Plaintiff was not disabled. Defendant contends that the ALJ did fulfill his duty. Plaintiff contends that the ALJ did not fulfill his duty because he failed to acc sufficient weight to the opinions of treating physicians, failed to sustain his burden of establishing available work in the national economy for Plaintiff, and incorrectly determined the severity of Plaintiff's mental impairment and that alcohol was a material factor in causing Plaintiff's disability.

    On February 24, 2006, after a thorough and well-documented analysis, Magistrate

Judge Bernardo Velasco issued a Report and Recommendation (R & R) to this Court. Neither party filed an objection to the R & R. The Magistrate Judge recommended that Plaintiff's motion be granted and Defendant's motion be denied. In his analysis, he concluded that (1) it is not evident that the ALJ applied the correct legal standard, (2) the Commissioner failed to support the decision with substantial evidence, and (3) the Commissioner erred by finding that additional information submitted after the hearing did not provide a basis for changing the ALJ's decision. The Magistrate Judge recommended that this case be remanded to the Commissioner with instruction to require the original ALJ to review the evidence de novo, including the additional evidence submitted after the hearing.

If there are no objections to the R & R, the Court will modify or set aside only those portions that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The Court has carefully reviewed the entire record and concludes that Magistrate Judge Velasco's recommendations are not clearly erroneous or contrary to law. The Court agrees that justice would be served by remanding this action for further proceedings.

Accordingly,

**IT IS ORDERED** that the **REPORT AND RECOMMENDATION** of the Magistrate Judge filed **February 24, 2006** is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **GRANTED**. [Doc. #8]

**IT IS FURTHER ORDERED** that Defendant's cross-motion for summary judgment is **DENIED.** [Doc. #16]

**IT IS FURTHER ORDERED** that the instant action is **REMANDED TO THE COMMISSIONER** for the ALJ who was present at the hearing to review the evidence de novo, including the additional evidence submitted after the hearing, taking such further evidence as is required to determine Plaintiff's eligibility for benefits under the current law and making appropriate findings consistent with this **ORDER** and the **REPORT AND RECOMMENDATION**.

DATED this 16th day of March, 2006.

_____
John M. Roll
United States District Judge